Matthew I. Tourtlotte
TOURTLOTTE LAW FIRM, PLLC
1643 24th Street West, Suite 308
Billings, MT 59102
T:  (406) 294-3400
F:  (406) 545-7995
matt@tourtlottefirm.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JANE DOE NO. 1 <br><br> Plaintiff, <br><br> v. <br><br> ROY SCHOOL DISTRICT, and JOHN DOE DEFENDANTS 1-6, <br><br> Defendants. | CV-22-47-GF-BMM-JTJ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**NATURE OF ACTION**

1. This is a civil rights action brought under Title IX of the Education Amendments of 1972, as amended.  Plaintiff, Jane Doe No. 1 (Ms. Doe), while a student attending the Roy School, was subjected to sexual assault and harassment, unwanted sexual comments and advances, intimidation, and harassment by the Roy School janitor, John Gervais (Gervais).

2.  In October of 2018, in Fergus County, Montana,  Gervais knowingly and deliberately touched sexual or intimate parts of Ms. Doe and did so without her consent.  Additionally, Gervais made unwanted sexual comments and other advances toward Ms. Doe, without her consent.

3.  Ms. Doe reported the sexual assault, unwanted sexual comments, and advances, to her teacher, and Roy Schools Superintendent, Dr. Gregory Dern (Dern).

4.  After Ms. Doe's report, Dern failed to follow appropriate Roy School District policies and/or to investigate Ms. Doe's claim.

5.  Dern further failed to place Defendant Gervais on administrative leave and/or take any proactive measures to ensure that he would not be allowed to come into contact with Ms. Doe.

6.  Ms. Doe experienced significant stress, humiliation, and anxiety as a result of Dern's failure to address her complaints.

7.  Instead of protecting Ms. Doe from Gervais, Roy School District, through the inaction of Dern and others at the school, allowed Gervais unsupervised access to Ms. Doe where he continued to harass and intimidate her.

8.  Defendant, Roy School District further allowed one of its board members to send text messages of threatening nature to Ms. Doe, to dissuade her from making claims that Gervais had sexually harassed and assaulted her.

9. Defendant, Roy School District, through its staff, administration, superintendent, and board lacked sufficient resources and adequate training to meet its Title IX obligations, and Defendant's deliberate indifference and failure to take timely action in response to Ms. Doe's report violated federal law.

10. Defendant, Roy School District, acted with gender-based discriminatory intent in failing to provide their staff and board with the resources needed to timely and effectively respond to complaints of sexual assault and harassment.

11. As a result of Roy School District's failure to comply with its Title IX obligations, the school district unreasonably interfered with Ms. Doe's access to educational programs within the Roy School District and caused other damages to Ms. Doe, which will be determined at trial.

## PARTIES

12. At all times material hereto, Plaintiff Ms. Doe ("Ms. Doe") was a student at Roy High School residing in Roy, Montana.

13. At all times material hereto, Defendant Roy School District ("RSD") was a public school located in Roy, Montana, operating in Fergus County, and organized under Title 20, Chapter 6 of Montana Code Annotated.

14. Defendants John Doe 1-6 are persons whose identities are not yet determined but who may be similarly situated to the above-named Plaintiff and may be added as parties at a future time.

## VENUE

15. Jurisdiction over federal claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88, and under 42 U.S.C. § 1988, which provide for attorney fees and expert fees for the vindication of civil rights claims, is asserted under 28 U.S.C. §§ 1331 and 1343.

16. The Court has personal jurisdiction over Defendant, Roy School District (hereafter RSD), and the venue is proper under 28 U.S.C. §1391 because all of the relevant events took place within this Court's jurisdiction.

## FACTUAL BACKGROUND

17. Upon information and belief, Gervais was employed as a maintenance worker and/or custodian for RSD in the school years 2018-2020.

18. Upon information and belief, Dern was employed as the Superintendent of RSD in school years 2018-2019.

19. Upon information and belief, Kirk Dansbach was a member of the RSD Board in the 2019 and 2020 school years.

20. Upon information and belief, Doreen McClure was a member of the RSD Board in the 2019 and 2020 school years.

21. Plaintiff, Ms. Doe, was a student at RSD during the 2018-2020 school years.

22. During the periods described herein, the members of the RSD Board were present and acting in the course and scope of their duties as board members for Roy School District, during the school years 2018-2020.

23. In October of 2018, in Fergus County, Montana, Gervais, while working as a custodian for RSD, knowingly and deliberately touched sexual or intimate parts of Ms. Doe and did so without her consent.

24. In May of 2019, in Fergus County Montana, Gervais, while working as an employee for RSD, knowingly and deliberately touched sexual or intimate parts of Ms. Doe and did so without her consent and, during this same period, made inappropriate and/or lewd comments to Ms. Doe, and did so without her consent.

25. In November of 2019, in Fergus County, Montana, Gervais, while working as an employee for RSD, again knowingly touched sexual or intimate parts of Ms. Doe and did so without her consent.

26. On or around November 22, 2019, Ms. Doe reported these three separate incidents of sexually inappropriate and unwelcome touching and conduct by Gervais to her teacher.

27. Also, on December 5, 2019, Ms. Doe reported to Dern, the three separate incidents of sexually inappropriate and unwelcome touching and conduct that had been committed by Gervais.

28. After the reports were made by Ms. Doe to Dern, the Superintendent did not follow RSD's policies governing sexual assault, sexual harassment, and/or harassment and intimidation, and RSD failed to properly address Ms. Doe's multiple complaints of sexual harassment and assault and/or harassment and intimidation.

29. At the time Ms. Doe's complaints were made to Dern, RSD failed to direct Ms. Doe that she could and that she should fill out a written complaint of the offensive and harmful conduct of Gervais.

30. At the time Ms. Doe's complaints were made to Dern, RSD failed to direct Ms. Doe that she could and that she should refer her complaints to the school's Title IX coordinator.

31. RSD failed to take any action upon Ms. Doe's complaints of sexual harassment and assault by Gervais.  Accordingly, Ms. Doe's mother followed up with Dern on or around December 8, 2019, inquiring about Ms. Doe's reports of sexual assault and harassment, and what if any investigation RSD was performing regarding Ms. Doe's complaints.

32. Dern, on behalf of RSD, failed to provide any meaningful or appropriate response to the complaints of Ms. Doe and/or Ms. Doe's mother.  Dern's response to the complaints raised was that "a good school policy was no hugs," and that "teachers should not be friends with students."

33. After Ms. Doe brought her complaints to Dern, the secretary for RSD informed Ms. Doe that she had heard of Ms. Doe's sexual assault and harassment complaints. At this time, the RSD secretary also informed Ms. Doe that "there was not anything she could do about it [the unwanted touching]" because "(Gervais) is just a handsy guy."

34. Ms. Doe was humiliated by the RSD secretary's statements.

35. On or around December 9, 2019, Ms. Doe's mother again followed up with Defendant Superintendent Dern to inquire what RSD had done to address Ms. Doe's complaints against Gervais. Dern responded to this inquiry, indicating he had asked Gervais to stop hugging Ms. Doe.

36. Defendant, RSD, has sexual harassment policies in place that were designed to address reports of sexual harassment and assault.

37. The RSD policies implicated are set forth on the RSD website. These policies include the following: Policy No. 3200, Student Rights and Responsibilities; Policy No. 3210, Equal Education, Nondiscrimination and Sex Equity; Policy 3225, Sexual Harassment/Intimidation of Students; and Policy 3226, Bullying/Harassment/Intimidation/Hazing.

38. According to these policies, it was the duty of RSD to have Ms. Doe immediately fill out a sexual harassment report form and submit that form to a Title IX coordinator, as well as to perform an investigation into said complaints.

39. Dern, while acting in his capacity as the Superintendent of RSD, failed to request or instruct Ms. Doe to fill out the appropriate sexual harassment report form.

40. Dern, while acting in his capacity as the Superintendent of RSD, failed to appropriately address Ms. Doe's complaints of sexual harassment and assault with Gervais, and instead allowed the school custodian to remain in the Roy School where he was allowed unrestricted contact with Ms. Doe.

41. Dern, while acting in his capacity as the Superintendent of RSD, failed to thoroughly investigate Ms. Doe's complaints of sexual assault and harassment by the Roy School custodian, Gervais.

42. Dern, while acting in his capacity as the Superintendent of RSD, failed to take disciplinary action and/or to take actions to remove Gervais from the Roy School and to prevent Gervais from continuing to harass and intimidate Ms. Doe.

43. On December 19, 2019, RSD allowed Gervais to be alone with Ms. Doe and in the same vicinity as her for almost two hours, while Ms. Doe was working on a school event.  This caused Ms. Doe to experience feelings of panic, emotional distress,

44. In December of 2019, Ms. Doe's mother went to Dern's office to speak with him about Ms. Doe's complaints that Gervais had sexually harassed and assaulted her. RSD continued to ignore Ms. Doe's complaints when Dern refused to speak with her mother at this time.  RSD, through Dern, continued to avoid meeting with Ms. Doe and/or her parents throughout December.

45. On or around December 22, 2019, Ms. Doe, and her parents, were finally able to meet with RSD regarding the sexual harassment and assault complaints through a meeting with Superintendent Dern and RSD Board member, Dansbach.

46. During this meeting, Ms. Doe and her parents again inquired why no complaint form had been provided to Ms. Doe when she initially reported the sexual harassment and assault on December 5, 2019.  The response of RSD, through Dern, was that "no written complaint was necessary."

47. During the December 22, 2019, meeting, RSD, though Dern, instructed Ms. Doe's mother that she should sign a form stating that despite the complaints raised by Ms. Doe, neither she (Ms. Doe) nor her parents wanted anyone to be fired.

48. Defendant, RSD, failed to take any statement from Ms. Doe regarding her complaints against Gervais until December 30, 2019, and throughout this time, RSD failed to have Ms. Doe fill out the appropriate school complaint form and/or report the sexual harassment and assault claim to the Title IX coordinator.

49. RSD, through the actions and inactions of Dern, failed to make a formal report of Ms. Doe's complaints of sexual assault and harassment, or to make an investigation of any kind until around December 31, 2019., when RSD  finally informed the Fergus County Sheriff's Office of Ms. Doe's complaints against Gervais.

50. Subsequent to RSD informing the Fergus County Sheriff's Department of Ms. Doe's complaints of sexual assault and harassment, Dern and other representatives of RSD, including RSD Board members Dansbach and McClure continued to harass and intimidate Ms. Doe concerning her complaints against Gervais.

51. On one occasion, RSD, through its board member, Dansbach, commented that "sexual harassment was about feelings" and that Ms. Doe did not seem "that upset" about what had happened concerning the complaints asserted against Gervais.

52. During this same time, around the time Ms. Doe's complaints had been forwarded to the Fergus County Sheriff, RSD refused to comply with Ms. Doe's repeated requests that a copy of her personal school file be turned over to her and her parents.

53. During this same time, around the time Ms. Doe's complaints had been forwarded to the Fergus County Sheriff, RSD Board member, McClure, sent harassing and intimidating messages to Ms. Doe, where she asserted that she had witnessed Ms. Doe being intoxicated and that she was watching Ms. Doe and that it would "not be fun when one judges us for our actions."

54. The text messages sent to Ms. Doe by RSD Board member McClure caused her to feel humiliation, emotional distress, fear, and anxiety.

55. During this time Ms. Doe began to feel isolated and wondered if RSD was taking sides with Gervais over her.

56. During this time, Ms. Doe contemplated dropping out of school after RSD Board member McClure informed her that their relationship was "over," and that Ms. Doe's complaint against Gervais would devastate the Roy School and cause the Roy School to close.

57. The aforementioned circumstances described above impacted Ms. Doe's ability to access Roy School's programs and/or services without feelings of humiliation, fear, anxiety, and concern that she and her family would be retaliated against for asserting the sexual harassment and assault claims against Gervais.

58. RSD Board members have stated that Dern failed to thoroughly investigate and handle Ms. Doe's complaints of sexual harassment and assault.  Ultimately, the RSD Board decided that it would not retain Dern as the RSD Superintendent.

## CLAIM 1

## Sex Discrimination under Title IX of the Education Amendments 1972, 20 U.S.C. §§ 1681-88 – Sexual Harassment/Assault/Deliberate Indifference

59. Ms. Doe re-incorporates all previous allegations.

60. Title IX prohibits sex discrimination by recipients of federal education funding.

61. RSD agreed to comply with all applicable federal statutes relating to nondiscrimination by recipients of federal financial assistance.

62. RSD had actual notice when it accepted federal funding under Title IX that the institution would be liable for intentional sex discrimination and deliberate indifference to sexual harassment.

63. Under Title IX, a student may bring a private action against a federal education funding recipient, such as the Defendant, RSD, for the recipient's deliberate indifference to the sexual harassment of a student by an RSD employee.

64. The Defendant, RSD, created and/or subjected Ms. Doe to a hostile educational environment in violation of Title IX because:

    a.    Ms. Doe is a member of a protected class;

    b.    Ms. Doe was subjected to sexual harassment in the form of a sexual assault by an RSD employee;

    c.    Ms. Doe was subjected to harassment based on her sex; and

    d.    Ms. Doe was subjected to a hostile educational environment created by RSD's failure to thoroughly investigate and/or address the sexual harassment and assault of Ms. Doe and/or investigate the subsequent harassment of Ms. Doe by the RSD Board.

65. Sexual assault is one of the most vicious forms of sexual harassment.

66. The sexual harassment and assault of Ms. Doe by RSD's employee, Gervais, constitutes sex-based harassment.

67. Gervais' conduct, and the subsequent psychological effect it had on Ms. Doe, was severe, pervasive, and objectively offensive, to such a degree that it deprived Ms. Doe of access to educational opportunities and benefits provided by the Roy School.

68. Ms. Doe's report of the multiple acts of sexual assault and harassment to her FFA instructor, Superintendent Dern, and the members of the RSD Board was an actual notice to RSD of the sexual harassment and assault committed upon Ms. Doe, by RSD's employee, Gervais, which was gender-based.

69. The persons and entities to whom Ms. Doe reported her complaints were the appropriate channels at RSD for purposes of reporting the sexual harassment, assault, and gender-based discrimination from which Ms. Doe suffered.

70. Defendant RSD was in a position to vindicate Ms. Doe's rights.

71. Defendant RSD had the authority to address the gender-based discrimination complaints of Ms. Doe.

72. Defendant RSD had the authority to institute corrective measures.

73. Defendant RSD exercised substantial control over both the harasser, RSD custodian Gervais, and the context in which the harassment occurred, as Ms. Doe was a student within RSD, and Defendant Gervais was an employee of RSD, and all were subject to RSD's policies and procedures.

74. Ms. Doe expected Defendant RSD to act in accordance with the law.

75. Ms. Doe expected Defendant RSD to act in accordance with RSD policies and procedures.

76. Defendant, RSD, failed to take immediate, effective remedial steps to resolve the complaints of sexual harassment and assault asserted by Ms. Doe, and instead

acted with deliberate indifference towards her by allowing her to be repeatedly victimized and effectively punishing her, rather than her assailant, by allowing RSD custodian Gervais to remain in the Roy School with unfettered access to Ms. Doe.

77. Defendant RSD's deliberate indifference and failure to take timely action in response to Ms. Doe's report violated its policies and federal law.

78. Defendant RSD acted with gender-based discriminatory intent in failing to respond to her complaints.

79. Defendant RSD failed to follow its sexual harassment policies in response to Plaintiff Ms. Doe's Title IX complaint that she was sexually harassed and assaulted by RSD's employee, Gervais.

80. Defendant RSD's failure to promptly and appropriately respond to the alleged sexual harassment and assault resulted in Ms. Doe, based on her sex, being excluded from participation in, denied the benefits of, and subjected to discrimination while participating in RSD's education program in violation of federal law and specifically, Title IX.

81. As a direct and proximate cause of these unlawful acts, Ms. Doe has suffered and will continue to suffer emotional distress, humiliation, and anxiety, together with economic and non-economic damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the following relief from the court;

A.     Declare that Defendants' acts or conduct constitute violations of federal law;

B.     Enter judgment in Plaintiff's favor on all claims for relief;

C.     Award Plaintiff full compensatory damages, economic and non-economic, including, but not limited to, damage for pain and suffering, mental anguish, emotional distress, humiliation, and inconvenience which Ms. Doe has suffered and will reasonably be expected to suffer in the future;

D.     Award Plaintiff pre-judgment and post-judgment interest at the high lawful rate;

E.     Award Plaintiff reasonable attorneys' fees (including expert fees), and all other costs of this suit.

F.     Enter a permanent injunction requiring Roy School District to comply with its Title IX obligations to refrain from sex discrimination by mandating actions including, but not limited to, adequately funding and staffing that will enable Roy School District to take immediate, effective remedial steps to resolve all future complaints of sexual harassment and/or assault;

G.      Award all other relief in law or equity to which Plaintiff is entitled

and that the Court deems equitable just, or proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable in this action.


 DATED this 18th day of May 2022.


TOURTLOTTE LAW FIRM, PLLC


  /s/ Matthew I. Tourtlotte
Matt I. Tourtlotte
Tourtlotte Law Firm, PLLC
1643 24th Street West, Suite 308
Billings, MT 59102
*Attorney for the Plaintiffs*

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, a copy of the foregoing document was

served on the following persons by the following means:

| | |
|---|---|
| \_\_\_1-2\_\_\_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1.   Clerk of United States District Court
     Missouri River Federal Courthouse
     125 Central Avenue West
     Great Falls, MT 591404

                              /s/ Matthew I. Tourtlotte
                              Attorneys for Plaintiffs